1    WO

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9

10   John Calvin Neuendorf, II,              )    No. CV 12-755-PHX-RCB (DKD)
                                             )
11              Petitioner,                  )         **O R D E R**
                                             )
12   vs.                                     )
                                             )
13                                           )
     Charles L. Ryan, et al.,                )
14                                           )
                Respondents.                 )
15                                           )
                                             )
16

17          Petitioner John Calvin Neuendorf, II, who is confined in the Arizona State Prison

18   Complex-Lewis, filed *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

19   by a Person in State Custody and an Application to Proceed *In Forma Pauperis*.  On April

20   26, 2012, Petitioner filed a Motion for Leave to Amend and on May 4, 2012, Petitioner filed

21   a second Motion for Leave to Amend.   In a June 29, 2012 Order, the Court granted the

22   Application to Proceed and granted Petitioner leave to file an amended petition. On July 27,

23   2012, Petitioner filed an Amended Petition (Doc. 16).

24          Petitioner has also filed a July 13, 2012 Motion to Appoint Counsel (Doc. 14), an

25   August 13, 2012 "Writ of Mandamus" (Doc. 19), and multiple letters.  The Court will

26   dismiss the Amended Petition and this action for failure to exhaust state court remedies and

27   will deny the pending Motions as moot.

28

1  **I.     Amended Petition**

2       In his Amended Petition, Petitioner challenges his April 8, 2011 conviction in the

3  Superior Court in Maricopa County, case number CR 2009-167757-001DT, for aggravated

4  assault and attempted aggravated assault.   Petitioner was sentenced to ten years'

5  imprisonment and four years' probation.

6       Petitioner raises four grounds for relief but affirmatively alleges that he has not

7  presented any of his claims to the Arizona Court of Appeals.

8  **II.     Exhaustion**

9       Before a federal court may grant habeas relief, a prisoner must first have exhausted

10  remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel,

11  526 U.S. 838, 842 (1999).  The federal court will not entertain a petition for writ of habeas

12  corpus unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 521-

13  22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not

14  consider a claim until petitioner has properly exhausted all available remedies).  When

15  seeking habeas relief, the burden is on the habeas petitioner to show that he has properly

16  exhausted each claim.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per*

17  *curiam*).

18       To exhaust claims, a prisoner must give the state courts a "fair opportunity" to act on

19  his claims. Castillo v. McFadden, 370 F.3d 882 (9th Cir. 2004).  He must describe both the

20  operative facts and the federal legal theory so that the state courts have a "fair opportunity"

21  to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly

22  v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  A prisoner seeking to exhaust claims in state

23  court before filing a federal habeas action should diligently pursue his available state

24  remedies to avoid application of the one-year limitation period. See Shelby v. Bartlett, 391

25  F.3d 1061, 1066 (9th Cir. 2004).  In cases not carrying a life sentence or death penalty,

26  claims are exhausted once the Arizona Court of Appeals has ruled on them. See Swoopes

27  v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

28

1    Petitioner affirmatively alleges that he has not exhausted state court remedies.  The

2  Court will therefore dismiss the Amended Petition and this action.

3  **IT IS ORDERED:**

4    (1)    Petitioner's Amended Petition (Doc. 16) and this action are **dismissed without**

5  **prejudice** for failure to exhaust state court remedies.

6    (2)    Petitioner's July 13, 2012 Motion to Appoint Counsel (Doc. 14) is **denied as**

7  **moot**.

8    (3)    Petitioner's August 13, 2012 "Writ of Mandamus" (Doc. 19) is **denied as**

9  **moot**.

10    (4)    The Clerk of Court must enter judgment and close the case.

11    DATED this 10th day of September, 2012.

Robert C. Broomfield
Senior United States District Judge

- 3 -