WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II, | No. CV 12-755-PHX-RCB (DKD) |
| Petitioner, | **O R D E R** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner John Calvin Neuendorf, II, who is confined in the Arizona State Prison Complex-Lewis, filed *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody and an Application to Proceed *In Forma Pauperis*. On April 26, 2012, Petitioner filed a Motion for Leave to Amend and on May 4, 2012, Petitioner filed a second Motion for Leave to Amend. In a June 29, 2012 Order, the Court granted the Application to Proceed and granted Petitioner leave to file an amended petition. On July 27, 2012, Petitioner filed an Amended Petition (Doc. 16).

Petitioner has also filed a July 13, 2012 Motion to Appoint Counsel (Doc. 14), an August 13, 2012 "Writ of Mandamus" (Doc. 19), and multiple letters. The Court will dismiss the Amended Petition and this action for failure to exhaust state court remedies and will deny the pending Motions as moot.

## I. Amended Petition

In his Amended Petition, Petitioner challenges his April 8, 2011 conviction in the Superior Court in Maricopa County, case number CR 2009-167757-001DT, for aggravated assault and attempted aggravated assault. Petitioner was sentenced to ten years' imprisonment and four years' probation.

Petitioner raises four grounds for relief but affirmatively alleges that he has not presented any of his claims to the Arizona Court of Appeals.

## II. Exhaustion

Before a federal court may grant habeas relief, a prisoner must first have exhausted remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not consider a claim until petitioner has properly exhausted all available remedies). When seeking habeas relief, the burden is on the habeas petitioner to show that he has properly exhausted each claim. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*).

To exhaust claims, a prisoner must give the state courts a "fair opportunity" to act on his claims. Castillo v. McFadden, 370 F.3d 882 (9th Cir. 2004). He must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). A prisoner seeking to exhaust claims in state court before filing a federal habeas action should diligently pursue his available state remedies to avoid application of the one-year limitation period. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). In cases not carrying a life sentence or death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

Petitioner affirmatively alleges that he has not exhausted state court remedies. The Court will therefore dismiss the Amended Petition and this action.

**IT IS ORDERED:**

(1) Petitioner's Amended Petition (Doc. 16) and this action are **dismissed without prejudice** for failure to exhaust state court remedies.

(2) Petitioner's July 13, 2012 Motion to Appoint Counsel (Doc. 14) is **denied as moot**.

(3) Petitioner's August 13, 2012 "Writ of Mandamus" (Doc. 19) is **denied as moot**.

(4) The Clerk of Court must enter judgment and close the case.

DATED this 10th day of September, 2012.

_____
Robert C. Broomfield
Senior United States District Judge